LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Nationwide Mutual Fire Ins. Co.

   v.

Cox et al.

November 15, 1965

Case No. A-7586

By JUDGE ALEX H. SANDS, JR.

This matter is before the Court upon the demurrer filed by defendant Wells.

The facts alleged in the original and supplemental bills of particulars, which, of course, are taken as true upon demurrer, are as follows: On April 19, 1963, the defendant Cox sustained injuries as the result of an automobile accident occurring in Richmond. Plaintiff Company, insurer of the vehicle occupied by Cox, made certain payments to her by check, payable jointly to Cox and her attorney, Wells, under the "medical pay" provision of such policy. This provision reads:

In the event of any payment under the Medical Expense Coverage of this policy, the Company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person

shall do nothing after loss to prejudice such rights.

And [Cox] executed in favor of plaintiff a "medical payment proof of claim and subrogation assignment" which set forth the amount of the medical claim paid and an assignment of Cox's claim against the person allegedly causing the collision up to the amount of such medical payments. This instrument contains the following provision pertinent to the demurrer:

> And furthermore, I hereby assign and transfer to the Company each and all claims and demands against any person, persons, firm or corporation arising from or connected with such loss or damage to the extent of the amount paid. The undersigned further states that no monies have been Paid to him by the party at fault and that he has executed no release of his claim against such party and that he will assist the Company in the prosecution of such claim and will execute any and all papers necessary in effecting recovery.

Plaintiff, through its attorney, notified defendant Wells, Cox's attorney, by mail of its interest in the recovery Wells was effecting for Cox against the tort-feasor, advising that it expected its interest in any recovery preserved. Wells subsequently collected $3,000.00 from the tort-feasor covering Cox's damages growing out of the aforesaid collision and after deducting his fee and other legitimate expenses therefrom paid over to his client, Cox, the full balance of the recovery without retaining any amount therefrom for payment to plaintiff. Plaintiff thereupon instituted this suit against its assured Cox and her attorney Wells for the amount of its payment to Cox under its policy.

The sole question at issue is the validity of the assignment from defendant Cox to plaintiff Nationwide. If this assignment be valid, then it appearing from the pleadings that Wells had timely notice there-

of and disbursed the fund to Cox in disregard thereof, then he is answerable to plaintiff upon proof by plaintiff of its allegations. See 2 Mich. Jur., Assignments, Sec. 27, page 160, and authorities cited. If, on the other hand, the assignment was void, then Wells would have had no right to withhold distribution to Cox upon demand, and the demurrer would be sound.

At the outset it is apparent that plaintiff's liability under its policy arose under the "medical pay" clause thereof and was unrelated to the "uninsured motorist endorsement" and the statutory validity conferred upon an assignment or subrogation under Sec. 38.381(f) is, therefore, not applicable.

The attempted assignment from Cox to Nationwide involves the assignment of a part of Cox's action against the person causing the collision for bodily injuries sustained by Cox in the collision. Not only has this type of claim been uniformly held to be unassignable under the law of this state, Winston v. Gordon, 115 Va. 899 (1914), but as recently as 1961 the Virginia Supreme Court has held that this rule has not been changed by statute. City of Richmond v. Hanes, 203 Va. 102 (1961). Unless permitted by statute such claim for bodily injuries is not assignable. Idem.

Plaintiff contends that Sec. 38.1-31.2 giving an insurance company making payment under any contract of insurance conferring the right of subrogation upon the company, the right to enforce in its own name or in that of its insured the legal liability of the tort-feasor causing the loss, by implication furnishes the statutory approval, if such be required, of the assignment of a personal injury claim as provided for in the medical pay clause of the policy in question.

It is, however, believed that Sec. 38.1-31.2 is a procedural statute the purpose of which was to settle the uncertainty which existed in the minds of many courts prior to its passage of the right of an insurance carrier to enforce a valid subrogation claim in the name of the assured without amending the pleadings to show the interest of the insurance carrier.

It is not thought that it was the intention of the legislature to create, in favor of insurance carriers, an exception to the rule universally followed in Virginia that a claim of this nature is unassignable.

It is next contended by plaintiff that Sec. 38.1-381(a) of the Code enacted by the legislature in 1964 which expressly prohibits the inclusion in a policy of insurance the assignment provision here relied upon is, by inference, a recognition of the validity of such provision until barred by statutory enactment. The fact that the Insurance Division of the S. C. C. approves the form of a policy provision which is in conflict with an existing statute does not confer any validity upon such provision, see Travelers Indem. Co. v. Wells, 209 F. Supp. 784 (W.D.Va. 1962), and it would appear that this would be equally true as to a provision in conflict with the established case law of the state. It is believed that Sec. 38.1-381.2 was merely declaratory of the existing rule in Virginia as established by case law rather than an attempt to change a recognized exception to such law. It is not believed that there ever was any exception to the general rule against the assignability of claims for injury to the person such as plaintiff claims.

For the above reasons the demurrer of defendant Wells will be sustained.